UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THERESA GIRONDA,

       Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
                              /

Case No. 1:15-cv-904
Hon. Ray Kent

**OPINION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) which denied her claim for disability insurance benefits (DIB) and supplemental security income (SSI).

Plaintiff alleged a disability onset date of May 1, 2011, which was later amended to June 8, 2014. PageID.31, 266. She identified her disabling conditions as osteoporosis, osteoarthritis in neck, spine, hip and feet, asthma, depression, daily headaches, anxiety, attempted suicide, chronic pain, and inability to sit or stand for very long. PageID.271. Prior to the disability onset date, plaintiff had previous employment as a pharmacy tech, home health aide, line worker, cook, fast food worker, baker, housekeeper, grocery stocker, assembler, and caregiver at an elderly facility. PageID.67, 70-76, 273. An administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on February 23, 2015. PageID.31-43. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I. LEGAL STANDARD

This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905

F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases." *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007). "The proper inquiry in an application for SSI benefits is whether the

3

plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II. ALJ'S DECISION

Plaintiff's claim failed at the fourth step of the evaluation. At the first step, the ALJ found that plaintiff has not engaged in substantial gainful activity since the amended onset date of June 8, 2014, and meets the insured status requirements of the Act through June 30, 2018. PageID.33. At the second step, the ALJ found that plaintiff had severe impairments of degenerative disc disease of the cervical spine, facet disease, lumbago, generalized arthralgia, osteoarthritis, pulmonary obstructive disorder, tension headaches, depressive disorder, anxiety disorder, and dependent personality disorder. *Id.* At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. *Id.* at PageID.34.

The ALJ decided at the fourth step that:

> [T]he claimant has the residual functional capacity to perform a range of light work, as defined in 20 CFR 404.1567(b) and 416.967(b) and SSR 83-10, specifically as follows: lift and carry 20 pounds occasionally and 10 pounds frequently; stand and walk for six hours out of an eight-hour workday with regular breaks; sit for six hours out of an eight-hour workday with regular breaks; push and pull within the weight limits indicated for lifting or carrying; perform all postural activities occasionally; occasionally reach overhead; understand, remember, and carry out detailed but uninvolved written or oral instructions to perform tasks that are simple and repetitive; no work requiring a high-quota production-rate pace (i.e., rapid assembly line work where co-workers work side-by-side and the work of one effects the work of the other); and no other exertional or nonexertional limitations.

PageID.37.

The ALJ also found that plaintiff could perform her past relevant work as a fast food worker and bakery worker. PageID.41. This past relevant work did not require the performance of

work-related activities precluded by plaintiff's residual functional capacity (RFC). *Id.*

In the alternative, the ALJ proceeded to step five, where he determined that plaintiff could perform a significant number of unskilled, light exertional jobs in the national economy. PageID.41-43. Specifically, the ALJ found that plaintiff could perform unskilled, light work in national economy such as machine tender (101,000 jobs), packager (122,000 jobs), and line attendant (125,000 jobs). PageID.42. Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from June 8, 2014 (the amended disability onset date) through February 23, 2015 (the date of the decision). PageID.43.

### III. ANALYSIS

Plaintiff raised two broad issues on appeal.

### A. The substantial evidence demonstrates the ALJ ignored the objective medical evidence.

First, plaintiff contends that the ALJ made fatal errors in evaluating the opinions of Lindsey Henderson Drevecky, M.D. As an initial matter, the legal basis of plaintiff's argument is unclear, because she suggests that the doctor is both a treating physician entitled to deference and an examining physician who would not be subject to deference under the treating physician rule. Plaintiff's Brief (docket no. 10, PageID.954-56). This issue involves a "Lumbar Spine Residual Functional Capacity Questionnaire" which the doctor signed on December 22, 2014, approximately one month before plaintiff's hearing. PageID.729-731. The answers on the questionnaire were based on a one-time evaluation of plaintiff. PageID.729. The doctor diagnosed plaintiff with lumbar and pelvic osteoarthritis, with a prognosis of "fair to good for ADLs." *Id.* While the doctor noted a number of restrictions on the form (e.g., plaintiff could walk 1-2 blocks without pain, sit 30 minutes

5

to 2 hours, stand 30 minutes to 2 hours, occasionally lift less than 10 pounds, never stoop, and requiring a job that permits sitting, standing or walking at will), there is no objective evidence attached, cited or described on the form. PageID.729-731. The records from the one-time examination, which took place on September 10, 2014, noted that the visit was for nail complaints (plaintiff was concerned that her nails were not growing), with reports of abdominal pain and likely constipation. PageID.581-583.

> The ALJ addressed Dr. Dravecky's opinion as follows:
>
> Little weight is given to the December 22, 2014 medical source statement of Lindsey Henderson Drevecky, M.D., and Joel Phillips, MS, OTR/C, CLT (B12F). The form reveals that the assessment was based on a one-time evaluation of the claimant. Accordingly, this opinion does not merit the same weight that would be given to a treating physician with a treating relationship of a longer duration that would have provided a longitudinal picture of the claimant's medical condition. In addition, while Dr. Drevecky examined the claimant on September 10, 2014, the doctor did not document any significant positive objective findings that would support the opinion (B6F/10-12). Accordingly, it appears the opinion was based largely on the claimant's subjective complaints with little consideration of positive objective clinical or diagnostic findings. Yet, as discussed in this decision, the claimant's subjective complaints are not fully credible.

PageID.39-40.

The regulations provide that the agency will evaluate every medical opinion received "[r]egardless of its source," and that unless a treating source's opinion is given controlling weight, the agency will consider the factors set forth in 20 C.F.R. §§ 404.1527(c)(1)-(6) and 416.927(c)(1-6) in deciding the weight given to any medical opinion. *See* 20 C.F.R. §§ 404.1527(c) and 416.927(c). Dr. Drevecky was not a treating physician, having examined plaintiff on one occasion. *See Smith v. Commissioner of Social Security*, 482 F.3d 873, 876 (6th Cir.2007) (opinion from a doctor who examined a claimant only once and wrote a single physical capacity evaluation is not reviewed as

the opinion of a treating physician).  Non-treating physicians are not granted the presumption of controlling weight afforded to treating physicians under 20 C.F.R. §§ 404.1527(c) and 416.927(c). *See Coldiron v. Commissioner of Social Security*, 391 Fed. Appx. 435, 442 (6th Cir.2010).  While the ALJ's decision is required to give "good reasons" for the weight assigned a treating source's opinion, *see Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004), this articulation requirement does not apply when an ALJ rejects the report of a non-treating medical source, *see Smith v. Commissioner of Social Security*, 482 F.3d 873, 876 (6th Cir.2007).   Here, the ALJ properly discounted Dr. Dravecky's opinion for lack of supporting evidence.

Next, plaintiff contends that the ALJ improperly rejected the opinion of a consultative licensed psychologist, Robert L. Griffith, PsyD, who also evaluated plaintiff on one occasion (September 4, 2014).  PageID.372-377.  The ALJ addressed Dr. Griffith's opinions as follows:

> Robert L. Griffith, a consultative psychologist, offered the opinion on September 4, 2014, that the claimant's overall prognosis appeared to be guarded due to her fairly significant levels of ongoing depression and anxiety that could be expected to interfere with her ability to manage herself in a work setting during a typical day (B4F/5-6).  I give little weight to Dr. Griffith's opinion because it is vague.  Dr. Griffith failed to make clear to what degree and in what manner he believed the claimant's symptoms of depression and anxiety would interfere with her ability to manage herself in a work setting.

PageID.40.

The portion of Dr. Griffith's opinion cited by the ALJ stated as follows:

> **VIII. Prognosis**: The overall prognosis appears guarded for Theresa.  It appears she could benefit from counseling due to her fairly significant levels of ongoing depression and anxiety.  These can be expected to interfere with her ability to manage herself in a work setting during a typical day.  Additional issues, such as her chronic pain and its management, will factor into this prognosis.

PageID.376-377.  Contrary to plaintiff's contention, Dr. Griffith did not "clearly" state "that Plaintiff

would be incapable of sustaining work from a psychological standpoint." Plaintiff's Brief (docket no. 10, PageID.956). The record reflects that the ALJ evaluated Dr. Griffith's opinion and discounted that opinion because it provided no information regarding the extent plaintiff's mental condition would interfere with her ability to perform work related activities. Accordingly, plaintiff's claim of error will be denied.

Finally, plaintiff cites a portion of SSR 96-8p ("Assessing residual functional capacity in initial claims") for the contention that the ALJ erred by failing to evaluate whether plaintiff was capable of performing a competitive work schedule.[1] SSR 96-8p provides in pertinent part:

**NARRATIVE DISCUSSION REQUIREMENTS**

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

SSR 96-8p, 1996 WL 374184 at *6-7.

RFC is a medical assessment of what an individual can do in a work setting in spite of functional limitations imposed by all of his medically determinable impairments. *See* 20 C.F.R.

---

[1] SSR's "are binding on all components of the Social Security Administration" and "represent precedent final opinions and orders and statements of policy and interpretations" adopted by the agency. 20 C.F.R. § 402.35(b)(1). While SSR's do not have the force of law, they are an agency's interpretation of its own regulations and "entitled to substantial deference and will be upheld unless plainly erroneous or inconsistent with the regulation." *Kornecky v. Commissioner of Social Security*, 167 Fed. Appx. 496, 498 (6th Cir. 2006), quoting *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 549 (6th Cir.2004) (citations omitted).

§§ 404.1545 and 416.945. It is defined as "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. Part 404, Subpt. P, App. 2, § 200.00(c). Contrary to plaintiff's contention, the ALJ's RFC determination was set forth in terms of plaintiff's ability to perform in an ordinary work setting. For example, the ALJ found that plaintiff could "stand and walk for six hours out of an eight-hour workday with regular breaks," that plaintiff could "sit for six hours out of an eight-hour workday with regular breaks," and that plaintiff's daily activities "support a conclusion that the claimant would be capable of performing at least a limited range of light work on a sustained basis." PageID.37-38. "Although a function-by-function analysis is desirable, SSR 96–8p does not require ALJs to produce such a detailed statement in writing . . . the ALJ need only articulate how the evidence in the record supports the RFC determination, discuss the claimant's ability to perform sustained work-related activities, and explain the resolution of any inconsistencies in the record." *Delgado v. Commissioner of Social Security*, 30 Fed.Appx. 542, at 547-48 (6th Cir.2002) (citations and quotation marks omitted). The ALJ made such an articulation in this case. Plaintiff points to no evidence that the ALJ evaluated her on any basis other than her ability to perform work activities in an ordinary work setting. Accordingly, plaintiff's claim of error will be denied.

> **B.     The ALJ's RFC and credibility determination does not comply with Social Security rules and regulations.**

In this section of the brief (docket no. 10, PageID.957-958), plaintiff has set forth a number of conclusory statements complaining about shortcomings in the ALJ's decision (e.g., "The ALJ [sic] description of Plaintiff [sic] 'performance of her daily living activities' is not accurate and a blatant inaccuracy," "The ALJ points to no medical records for his assertions," "The ALJ's analysis

is faulty and no claimant would ever be awarded disability under his standards," and "Curiously, the ALJ never complied or even attempted to reconcile Social Security Ruling 96-8p with his decision"). Such cursory statements and musings do not form the basis of a reasoned appellate argument. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.  It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997).  Here, plaintiff did not develop a legal or factual basis to support her many claims against the ALJ.  Accordingly, the Court deems this issue waived.

### IV.  CONCLUSION

The ALJ's determination is supported by substantial evidence.  The Commissioner's decision will be **AFFIRMED** pursuant to 42 U.S.C. § 405(g).  A judgment consistent with this opinion will be issued forthwith.

Dated:  September 26, 2016            /s/ Ray Kent
                                      RAY KENT
                                      United States Magistrate Judge